IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DOMAINE CHERENFANT,

    Petitioner,

vs.                                     Case No. 4:14cv30-WS/CAS

STATE OF FLORIDA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

On January 21, 2014, Petitioner submitted a pro se petition for writ of error coram nobis and an emergency motion for post-conviction relief, motion to vacate judgment, and set aside sentence. Doc. 1. Petitioner did not pay the filing fee nor did he submit a motion seeking leave to proceed in forma pauperis. Notwithstanding, the petition has been reviewed and this Report and Recommendation is entered recommending transfer of this case.

Petitioner indicates that he is currently detained in the Baker County Detention Center. Doc. 1 at 19. Because Petitioner is not detained within the jurisdiction of the Northern District of Florida, pursuant to Rumsfeld v. Padilla, 542 U.S. 426, 439, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004), this case should be transferred to the Middle District of Florida. Generally, when a "§ 2241 habeas petitioner seeks to challenge his

present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Padilla, 542 U.S. at 447, 124 S.Ct. at 2724. Here, Petitioner named the State of Florida as Respondent because Petitioner seeks to challenge a state court conviction on the basis, in part at least, that counsel was ineffective for failing to advise Petitioner of the immigration consequences of entering a guilty plea. Doc. 1. Petitioner states he was charged with possession of a firearm and sentenced pursuant to a plea on November 12, 2013. Id. at 3. Petitioner was sentenced to time served and 2 years of probation. Id. Petitioner now wishes to withdraw his plea but advises he is unable to seek remedy in state court[1] because he is not in state custody but is detained by Immigration officials. Id. at 3-4. Petitioner's case is premised upon the rule of Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), that counsel must advise his or her client of the immigration

---

[1] Petitioner's conclusion that remedy is unavailable in state court may not be correct. See Wood v. State, 750 So.2d 592, 595 (Fla. 1999) (amending rule 3.850 "by deleting the 'in custody' requirement so that both custodial and noncustodial movants may rely on and be governed by the rule, thereby eliminating the need for the writ [of error coram nobis]."); and State v. Green, 944 So.2d 208, 218 (Fla. 2006) (holding that "[a] motion seeking to withdraw a plea on grounds that the trial court did not advise the defendant of the possibility of deportation will be held to the same time constraints as other postconviction motions raising other claims under rule 3.850."); Auritt v. State, 958 So.2d 1052, 1053 (Fla. 1st DCA 2007) (citing to Wood and noting that "Rule 3.850 is an appropriate vehicle to seek postconviction relief regardless of whether the movant is 'in custody.'"); Turner v. State, 120 So.3d 187, 189 (Fla. 2d DCA 2013) (remanding for consideration of claim on the merits and noting that Rule 3.850 "no longer requires that the prisoner by in custody.").

consequences of pleading guilty and holding that Strickland[2] applies to such claims. Petitioner did not, however, file the petition in the "district of confinement."

Notwithstanding that it is unclear where Petitioner was convicted or whether Petitioner is foreclosed from seeking relief in state court, because Petitioner is not detained within the Northern District of Florida, this action should be transferred to the Middle District of Florida where Petitioner is detained for further proceedings, including addressing the issue of the filing fee.

In light of the foregoing, it is respectfully **RECOMMENDED** that this petition be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on January 23, 2014.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[2] In Strickland v. Washington, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984), the Court held that "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."